## Yuengling Realty Company v. Basarob et al.

*Isadore Krasno,* for plaintiff.
*J. F. Mahoney,* for defendants.

PALMER, P. J., September 13, 1943.—This is a bill in equity asking that defendants, Michael Basarob and Julia Basarob, be restrained from transferring, selling, or conveying their interest in the restaurant liquor license for the premises owned by plaintiff, and located at 1200 Pottsville Street, Mechanicsville, Schuylkill County, Pa., and from transferring the said liquor license to another location.

### Findings of fact

1. Plaintiff, Yuengling Realty Company, is the owner in fee simple of the property located at 1200 Pottsville Street, Mechanicsville, Schuylkill County, Pa.

2. Prior to November 7, 1941, Harry L. Golden operated a restaurant at 1200 Pottsville Street, Mechanicsville, Schuylkill County, Pa., and was the holder of a restaurant liquor license for these premises, together with the rights and privileges accruing thereto.

3. On November 7, 1941, Harry L. Golden sold and transferred all his right, title, and interest in the aforesaid restaurant and restaurant liquor license to Michael Basarob and Julia Basarob, of Port Carbon, Pa., defendants hereto.

4. On November 7, 1941, defendants, Michael Basarob and Julia Basarob, entered into a lease with plaintiff for the premises located at 1200 Pottsville Street, Mechanicsville, Schuylkill County, Pa., for a rental of $45 a month.

5. On November 7, 1941, defendants entered into an agreement with plaintiff, wherein they agreed not to sell or transfer the restaurant liquor license for the aforesaid premises to any other person nor to transfer the same to another location without the agreement and consent of plaintiff.

6. The aforesaid lease and agreement were contingent upon the approval of the transfer of the said restaurant liquor license to defendants from Harry L. Golden.

7. The approval of the transfer of the said restaurant liquor license from Harry L. Golden to Michael Basarob and Julia Basarob was granted by the Pennsylvania Liquor Control Board on December 22, 1941.

8. At some time subsequent to February 26, 1942, defendants indicated to plaintiff their intention to transfer the aforesaid restaurant liquor license to another location in the Borough of Mechanicsville, Schuylkill County, Pa.

*Discussion*

The facts in this case are not in dispute. Defendants, Michael Basarob and Julia Basarob, entered into an

agreement and lease with plaintiff, Yuengling Realty Company, whereby they agreed to lease the premises located at 1200 Pottsville Street, Mechanicsville, Schuylkill County, Pa., for the purpose of operating a restaurant. They further agreed in writing not to sell or transfer the restaurant liquor license for this location to any person nor to transfer it to another location without the consent and agreement of plaintiff. The validity of this agreement is not questioned. The intent of the parties is evident upon the face of the agreement and it was apparently part of the consideration for the leasing of the premises wherein the restaurant was to be operated by defendants. The question remaining is as to whether the agreement is enforceable in equity by injunction.

The property in this case has been occupied as a hotel or restaurant property for many years. Plaintiff alleges that the transfer of the restaurant liquor license from these premises to another location would cause it irreparable damage. This damage is accentuated by the Liquor License Quota Act of June 24, 1939, P. L. 806, sec. 2, which limits the number of liquor licenses in the various municipalities in this State.

The damage sustained by plaintiff as a result of the contemplated breach of the contract by defendants would be speculative and the subject of much conjecture. It could not readily be determined by any rule or measure of damages so as to permit plaintiff an adequate remedy at law. Where the legal remedy is inadequate and incomplete, and in some instances inconvenient, equitable jurisdiction will be assumed by the court to grant a complete remedy to plaintiff: Kirkpatrick v. McDonald, Exec., 11 Pa. 387; Appeal of The Brush Electric Co. et al., 114 Pa. 574; Western Pennsylvania Hospital et al. v. Lichliter et al., 340 Pa. 382.

The fact that a liquor license is a property right with a peculiar and special value and the violation of an agreement to maintain the license at a specific location

constitutes a breach of contract so as to invoke the equitable remedy of injunction has been decided in Di Pietro v. Cichilli, 42 Lacka. 72.

Defendants plead that section 1 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744-408, providing that licenses issued by the Pennsylvania Liquor Control Board cannot be assigned, has the effect of avoiding the agreement in this case as it constitutes an assignment of an interest in the license to plaintiff. The agreement cannot be construed as an assignment of an interest in the business. The intention of the parties as determined from the language of the agreement is to create, by covenant, a restriction upon the freedom of sale and transfer of the license. The statute does not limit the contractual rights of the license in this matter.

### Conclusions of law

1. The agreement between defendants, Michael Basarob and Julia Basarob, and plaintiff, Yuengling Realty Company, is a valid and binding contract enforceable at law and in equity.

2. Plaintiff is without an adequate remedy at law and, therefore, is entitled to the equitable remedy of injunction.

3. Defendants are properly enjoined from transferring the restaurant liquor license within the terms of the contract.

### Order of court

And now, to wit, September 13, 1943, it is hereby ordered and decreed that defendants, Michael Basarob and Julia Basarob, be perpetually enjoined from transferring and selling the restaurant liquor license issued for the premises located at 1200 Pottsville Street, Mechanicsville, Schuylkill County, Pa., to any other person or to another location without the consent of plaintiff, Yuengling Realty Company.

The prothonotary shall give notice of the entry of this decree nisi and if no exceptions are filed thereto by either party within 10 days, he shall enter the decree nisi as final.